## WADLEY AND WIFE *v.* HARRIS.

Where a declaration in replevin omits the averment that the goods "were to be delivered to the plaintiff," &c., the defect is cured after verdict, under our statute of amendments.

*Appeal from Hot Spring Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

FLANAGIN, for appellant.

The appellant submits that the plaintiff, in his declaration, must set forth such facts as will show a right of recovery, and the want of such a showing can be taken advantage of by mo-

tion in arrest. *Sevier v. Holliday, 2 Ark., 513; Keith v. Pratt, 5 Ark., 661.* In this action the remedy is given by the statute, and certain allegations are required to sustain the action. One of the most important of these allegations is omitted.

WITHERSPOON, for the appellee.

The defect in the declaration is cured by the verdict. *2 Ark., 513; 5 Ark., 73;* also by our statute of amendments. *Gould's Dig., p. 864.*

WALKER, C. J.

This is an action of replevin, tried by a jury, upon the issues of non-detinet and property in defendant, who rendered a verdict for the plaintiff, upon which judgment was rendered. The defendant moved in arrest of judgment. His motion was overruled, and he has brought the case before us by appeal.

The only question presented for our consideration is : Was the declaration sufficient to warrant the verdict and judgment of the court? The particular defect pointed out and relied upon by counsel is, that there is no averment that the goods, alleged to have been delivered by the plaintiff to the defendant, "were to be delivered to the plaintiff when thereunto afterward requested."

Conceding that this would have been cause for demurrer, we think that the defect, after verdict, is cured under our statute of amendments. The declaration presents a good cause of action defectively stated, and not a defective cause of action; and, when such is the case, every intendment is to be made in favor of the declaration. Whatever is implied, or is inferable from the state of the pleadings, will be presumed in favor of the pleading and the judgment. *Keller v. Henry, 24 Ark., 583; Knight v. Sharp, id., 610.*

The motion in arrest of judgment was therefore properly overruled.

Judgment affirmed.